**Electronically Filed
Intermediate Court of Appeals
30437
02-NOV-2011
07:54 AM**

NO. 30437

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BARRY McCORKLE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CR. NO. 1P109-7267)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Barry McCorkle (McCorkle) appeals from the Notice of Entry of Judgment and/or Order (Judgment), entered on December 28, 2009, in the District Court of the First Circuit (district court).[1] The district court convicted McCorkle of violating Sec. 40-1.2 of the Revised Ordinances of Honolulu (ROH), entitled "Prohibition in public areas -- Exceptions" (Prohibition),[2] and sentenced him to pay a $100 fine and $30 CICF fee.

---

[1] The Honorable Clarence A. Pacarro presided.

[2] ROH § 40-1.2(a) provides that "[n]o person shall possess, other than in a container in the manufacturer's sealed condition, intoxicating liquor on any street or sidewalk, or in any public park, public playground, public school ground, public off-street parking area or any building located thereon."

On appeal, McCorkle argues that (1) the district court erred in convicting him of Prohibition because the ordinance is unconstitutionally vague and overbroad, and (2) the court reversibly erred in convicting him where Appellee State of Hawai'i (State) failed to prove that none of the exceptions listed in ROH Sec. 40-1.2 applied. McCorkle asks that we reverse his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McCorkle's points of error as follows.

McCorkle fails to indicate, and the record does not reflect, that while the case was before the district court he challenged the constitutionality of ROH Sec. 40-1.2 in any manner, or that he argued that the State was required to prove that the exceptions in ROH Sec. 40-1.2 did not apply. See Rule 28(b)(4) of the Hawai'i Rules of Appellate Procedure.

> "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." *State v. Hoglund*, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (citing *State v. Cummings*, 49 Haw. 522, 423 P.2d 438 (1967)). Specifically, this court has held that

> > the question of the constitutionality of a statute cannot be raised for the first time on appeal. *State v. Tin Yan*, 44 Haw. 370, 355 P.2d 25 (1960). However, in cases where we have considered the constitutionality of a statute raised for the first time on appeal, we have done so on the ground that the constitutionality of the statute is of great public import and justice required that we consider the issue. *See, e.g.*, *Fujioka v. Kam*, 55 Haw. 7, 514 P.2d 568 (1973); *Smith v. Smith*, 56 Haw. 295, 535 P.2d 1109 (1975).

> *State v. Ildefonso*, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992).

> > [I]n the exercise of this discretion[,] an appellate court should determine whether the consideration of the issue requires additional facts, whether the resolution of the question will affect the integrity of the findings of fact of the trial court[,] and whether the question is of great public import.

> *State v. Kapela*, 82 Hawai'i 381, 392 n. 4, 922 P.2d 994,
> 1005 n.4 (App.1996) (internal quotation marks and citation
> omitted) (first set of brackets in original).

State v. Hicks, 113 Hawai'i 60, 74, 148 P.3d 493, 507 (2006).

Neither party has addressed the question regarding McCorkle's waiver of his points of error. We conclude at the outset that McCorkle has waived, and we need not address, his challenge that the State failed to prove that the exceptions in ROH Sec. 40-1.2 did not apply. This issue is not based on a constitutional challenge to the ordinance and has clearly been waived.

As to McCorkle's challenge that the ordinance is unconstitutionally vague and overbroad, our review of the record convinces us that justice does not require that we consider these constitutional challenges that McCorkle failed to raise below. Especially as to the question of whether the ordinance is overbroad, the record is simply not developed sufficiently for us to review the issue. McCorkle argues that ROH Sec. 40-1.2 "is unconstitutionally [overbroad] as applied to McCorkle where it infringed upon his constitutional rights to freedom of movement, association and privacy." However, because the issue was not raised below, there is no evidence or testimony by McCorkle regarding how his alleged rights were infringed upon or to provide any factual context to his constitutional challenge.

Moreover, McCorkle has the burden of showing the alleged unconstitutionality of the ordinance beyond a reasonable doubt.

> [W]here it is alleged that the legislature has acted
> unconstitutionally, this court has consistently held that
> every enactment of the legislature is presumptively
> constitutional, and a party challenging the statute [or
> ordinance] has the burden of showing unconstitutionality
> beyond a reasonable doubt. The infraction should be plain,
> clear, manifest, and unmistakeable.

3

State v. Kamal, 88 Hawai'i 292, 294, 966 P.2d 604, 606 (1998) (first bracket added and citation omitted). McCorkle has failed to make such a showing and we find no merit based on this appeal. See Hicks, 113 Hawai'i at 75, 148 P.3d at 508.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on December 28, 2009, in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 2, 2011.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4